## Williams Estate

148

*Hillegass and Moran,* and *Jonathan B. Hillegass,* for accountants.

*Daniel L. Quinlan, Jr.,* for Commonwealth.

TAXIS, P. J., March 7, 1958.—A question for determination pertaining to transfer inheritance tax has arisen in the following circumstances. The inheritance tax due amounted to $4,977.21. The Federal estate tax 80 percent credit amounted to $6,734.27, which is $1,757.06 greater than amount of inheritance tax due. Taxes have been paid to the Commonwealth of Pennsylvania as follows: May 18, 1953, $50; October 8, 1953, $578.44; February 8, 1954, $1.48; November 5, 1956, $6,104.35, or a total of $6,734.27.

Accountants set forth the problem in their brief as follows: "When the Register of Wills of Montgomery County received the above payment of $6,104.35 on November 5, 1956, there was a balance due on account of inheritance tax of $4,344.66, being the tax assessed, less the first three payments, less a discount of $2.63. The said payment was first applied to this principal balance and then to penalty at 6% per annum on the said balance from June 29, 1956 to November 5, 1956, the day of payment in the amount of $91.22. This left a balance of $1,668.47 to be applied to the estate tax account, which tax, however, was appraised in the amount of $1,757.06 as above set forth, leaving a deficiency of $88.59. The estate has been billed for this deficiency, plus penalty thereon."

The question is whether the payment of penalty on inheritance tax should not cause a corresponding reduction in the amount of estate tax due the Commonwealth under the Act of May 7, 1927, P. L. 859, as

amended. Accountants contend that it should cause a corresponding reduction.

The applicable portion of the act is as follows:

". . . The aggregate transfer inheritance taxes due under the act to which this act is a supplement shall first be ascertained: Provided, That the amount of such aggregate taxes due shall be reduced by the amount of any discount allowed under the act to which this is a supplement. To such amount, there shall be added the amount of any estate, inheritance, legacy or succession taxes actually paid to any other State or territory or the District of Columbia or any possession of the United States, in respect to any property owned by such decedent, subject to such taxes as a part of or in connection with his estate. The sum resulting from such addition shall then be deducted from an amount equal to the amount of the maximum credit allowable to the estate of the decedent by the Federal Estate Tax Law or laws for estate, inheritance, legacy or succession taxes paid to any State or territory or the District of Columbia or any possession of the United States. The remainder, if any, shall constitute and be the Pennsylvania Estate Tax upon the estate of the decedent . . . .": 72 PS §2303.

The difficulty with accountants' position, however, is that there is an important distinction between tax and penalty. A tax is a pecuniary burden laid on individuals or property to support government, whereas a penalty has an essentially different aim. Its primary purpose is to regulate conduct rather than to produce revenue. Thus a penalty is a punishment and is not a tax within the meaning of the tax law. I conclude, therefore, that the words "aggregate transfer inheritance taxes" as found in the Act of May 7, 1927, P. L. 859, as amended, do not include interest and penalties collected as a result of the failure of the estate to pay

transfer inheritance tax within the specified period of time.

And now, March 7, 1958, this adjudication is confirmed nisi.